NO. 7881.    STATE OF LOUISIANA.

S. DI CRISPINA

VS    COURT OF APPEAL

C. BUCCOLA.    PARISH OF ORLEANS.

---

OPINION.

By his Honor John St. Paul.

Plaintiff seeks to recover damages for a false arrest and malicious prosecution. Defendant pleads probable cause and want of malice.

For a case of this nature the testimony is singularly free from conflicts, and establishes indisputably the following state of facts.

Defendant leased from the NO O. Land Co. two squares of ground on the North side of Polk Avenue, a projected street 60 feet wide, but not open for traffic and hence not distinguishable from the surrounding territory; defendant was to clear and cultivate the land.

When the premises were pointed out to defendant the lessor marked the limits of the leased premises by making with knife or chisel a cross-mark on a wooden curbing at Orleans St; which runs at right angles to Polk Avenue and forms the ~~Eastern~~ Eastern boundary of the leased property. This mark is said by defendant to have been placed at the South side of Polk Avenue and thus to have included the whole width of that street in the land pointed out by the lessor.

180

Some months afterwards plaintiff leased from the same company three squares of ground ##### on the South side of Polk Avenue, the limits of which being pointed out to him by the same mark on the curbing; but plaintiff claims that the mark was opposite a small ditch along (say) the middle of Polk Avenue.

At the time of trialof this case (some six years after the arrest) this mark seems to have become obliterated and the actual location thereof is not fixed by the testimony But, be that as it may, it is certain that defendant who had entered the land at least a year before plaintiff, had taken actual possession of the whole width of Polk Avenue, and thereon had cultivated and gathered one crop and planted another. Which possession is hhown conclusively by a written complaint made by plaintiff to the common landlord after the planting of the second crop; to wit, that defendant was trespassing on his (plaintiff's) land.

The landlord having taken no notice of this complaint, plaintiff then took the law into his own hands; and going into that part of the street which he claimed as his, he tore up the vegetables which defendant had planted and began carting them off; possibly however, without intent to appropriate them to his own use, but simply to clear off the land (as he claims).

Whereupon, whilst plaintiff was in the very act of tearing up the vegttables, defendant (whether out of prudence or out of respect for law, is immaterial) instead of opposing force to force, sought out a police officer to arrest plaintiff, whom he then charged with petty larceny.

Of this charge plaintiff was acquitted; and of course, with the merits of that acquittal as a criminal judgment, we are in no way concerned. But when in consequence thereof plaintiff# seeks to recover damages, then it behooves us to look into all the circumstances thereof in order to determine, not whether plaintiff were technically guilty of the specific charge against him (on which alone he could be convivted), but whether there was such seemingly unlawful conduct on his part as justified defendant in causing his arrest; in other words, whether there was probable cause for some criminal proceeding. Sperier vs Ott, 6 Orleans App 327.

In this case it is clear that defendant wasm if not guilty of larceny, at least trespassing and inviting a breach of the peace. Indeed if one in actual possession of land, and having property thereon, may not protect his possession and property by causing the arrest forthwith of a person in the very act of invading the one and carrying off the other, then vain indeed are our civil laws and the law of nature must re-assert itself.

Juris Gentium est; Ut vim atque injuriam propulsemusʒ.
Dig. I.I.ʒ.

But the laws of this state is not so void and _inane_.
"An arrest may at times and under the necessity of the
case be made without warrant"; for instance to prevent a
crime, or a breach of the peace; or suppress a disturbance,
even on private premises.

O'Malley vs Whitaker, II8 La 906

State vs Stouderman, 6 An 286

State vs Guy, 46 An 1441

Stoehr vs Payne, 132 La 213.

Moreover, even though an arrest be not strictly
justifiable, want of mailce in procuring it (evident in
this case) is a complete defense.

In Girot vs Graham, 41 An 511, the circumstances
were almost identical with those here presented. In a
dispute over the location of a party fence plaintiff
undertook to locate it on the land in dispute. Defendant
caused his immediate arrest without a warrant and charges
followed.

Plaintiff was acquitted, but defendant was held not
liable in damages because there was no malice, as defendant
believed "in good faith" that he had a right to appeal to
the law in that form (See p. p/ 512-513). And the court
held that it was a matter involving the public interest

183

that parties should be incouraged to resort to law rather than take into their own hands to redress their supposed wrongs.

We are of opinion that defendant was actuated by no malice whatever when he caused plaintiff's arrest, and did so only to protect his property, therein using (as it seems to us) the only effective means of doing so short of actual violence towards plaintiff.

The judgment appealed from is therefore reversed, and it is now ordered that plaintiff's demand be rejected at his cost in both courts.